## Stuart, Appellant, *v.* Rosengarten.

*Equity—Easements—Interference — Insufficient evidence — Bill for injunction—Dismissal.*

Where in a suit in equity to restrain defendants from interfering with plaintiff's use of a road extending from her property over defendants' property to a public road, it appeared that the easement was by express grant and not a way by necessity, and was described as a road or cartway of ten feet wide and there was ample evidence to support the finding of the lower court that the obstruction complained of by plaintiff did not encroach upon her easement but always left a space ten feet in the clear for plaintiff's use, the bill was properly dismissed.

Argued Feb. 7, 1916. Appeal, No. 125, Jan. T., 1915,

by plaintiff, from decree of C. P. Delaware Co., Sept. T., 1912, No. 224, in equity, refusing an injunction, in case of Mary Ridgely Stuart v. Adolph G. Rosengarten and William H. Doyle. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.    Affirmed.

Bill in equity for an injunction.    Before BROOMALL, J. The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill.    Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*Wm. White Jr.,* of *White & Wetherill,* with him *John G. Johnson,* for appellant.

*Joseph deF. Junkin,* with him *Samuel R. Rosengarten* and *Graham C. Woodward,* for appellee.

PER CURIAM, March 13, 1916:

This bill was filed to enjoin the defendants from interfering with plaintiff's use of a road or cartway extending from her property over and across the property of the defendants to a public road, and to require the defendants to restore the road to its former condition.    The easement in question was by an express grant, and is described as "a road or cartway of ten feet wide," and extends from the plaintiff's premises to a highway known as the Church Road.    The plaintiff's grounds of complaint are that the defendants changed the lines of the right of way, narrowed the same, and enclosed the greater part thereof in such a manner as to prevent the plaintiff from using the same as originally intended and as used and enjoyed by the plaintiff's predecessors in title since the creation of the right of way, and has also modified the bed of the right of way and diverted water thereover so as to render it difficult of, if not impossible

for, use. A responsive answer was filed and the learned chancellor has, on ample evidence, found the facts against the plaintiff. The road was not a way of necessity but was acquired by an express grant which is clear of all ambiguity and fixes the width of the easement at ten feet. It is conceded by all parties that the fences, one of the alleged obstructions, on the north and south sides of the road were erected by the defendants in such manner as to leave a space of ten feet in the clear between them. It is found by the chancellor that the fences are located according to the correct lines of the right of way and just outside of those lines, and that the grading done by defendants has not narrowed the right of way. The allegations of the complaint, essential to the relief sought, not having been sustained by proof, the bill was properly dismissed.

Decree affirmed.